IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert Lovelace, | ) | |
| | ) | C.A. No. 0:13-0472-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sheriff Steven Mueller; and | ) | |
| Major Robert Padgett, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Robert Lovelace, a *pro se* prisoner, filed this civil action against Defendants Sheriff Steven Mueller and Major Robert Padgett pursuant to 42 U.S.C. § 1983. The matter is before the court on Plaintiff's Motion to Dismiss. (ECF No. 27). Defendants responded and consented to Plaintiff's Motion to Dismiss, but requested it be with prejudice. (ECF No. 28). The magistrate judge filed a report and recommendation ("Report") recommending that the court grant Plaintiff's Motion to Dismiss and dismiss the action without prejudice. (ECF. No. 30).[1] The parties were advised of their right to file objections to the Report. (ECF No. 30 at 4). However, no objections have been filed.[2]

    The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

---

[1] The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina

[2] In fact, the court notes that the Report was returned undeliverable. (ECF No. 32).

In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the record in this case, the court adopts the Report (ECF No. 30) and incorporates it here. It is therefore **ORDERED** that the Plaintiff's Motion to Dismiss (ECF No. 27) is **GRANTED and this case is dismissed without prejudice**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 24, 2013

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.